UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANNY A. WING, SR.,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LEWIS, JAMEY MCGINTY, JANE DOE MCGINTY, and the marital community thereof, ROMONA ROMINE, JOHN DOE ROMINE, and the martial community thereof, JOHN and JANE DOES 1-3,<br><br>Defendants. | CASE NO. 18-5011 RJB-DWC<br><br>ORDER ON REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on the Report and Recommendation of U.S. Magistrate Judge David W. Christel. Dkt. 21. The Court has considered the Report and Recommendation, the Plaintiff's Objections to the Report and Recommendation, and the Defendants' Response to the Plaintiff's Objections to the Report and Recommendation (Dkts. 21, 22, and 23) and is fully advised.

ORDER ON REPORT AND RECOMMENDATION - 1

On January 5, 2018, the Plaintiff filed this 42 U.S.C. § 1983 case, asserting that the Defendants violated his First, Sixth, and Fourteenth Amendment rights when they recorded and listened to telephone conversations between the Plaintiff and his attorneys while Plaintiff was held at the Lewis County, Washington Jail contrary to a jail regulation prohibiting the monitoring or recording of inmate phone calls. Dkt. 1. The Plaintiff also makes a claim under Washington's Privacy Act, RCW 9.73.030 (1). *Id.*

On October 9, 2018, the Report and Recommendation was filed, recommending that the Defendants' motion for summary judgment as to the Plaintiff's federal claims be granted and those claims dismissed. Dkt. 21. It recommends that the Court decline to exercise supplemental jurisdiction over the state claim and dismiss it without prejudice. *Id.* Plaintiff's objections to the recommendations will be addressed by claim.

## **DISCUSSION**

**First Amendment Claim**. The Report and Recommendation's recommendation of dismissal of Plaintiff's First Amendment Claim (Dkt. 21) should be adopted and the claim dismissed. The Report and Recommendation noted that the Plaintiff did not respond to Defendants' motion for summary judgment on the Plaintiff's claims for violation of his First Amendment rights. *Id.* It recommends that the Defendants' motion for summary judgment be granted as to the First Amendment claim because, in addition to not responding to the motion on that claim, the undisputed evidence in the record shows that Plaintiff was able to place numerous calls out of the jail during the relevant time and that the Defendants did not restrict his ability to call out of the jail. *Id.* Accordingly, there is no evidence in the record that the Plaintiff's First Amendment rights were violated. *Id.* As recommended, this claim should be dismissed.

**Sixth Amendment Claim**. The Report and Recommendation recommends that the Plaintiff's Sixth Amendment claim be dismissed because, not only did the Plaintiff fail to respond to the motion as to this claim, success on the claim would necessarily implicate the validity of his conviction and so is barred by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1991), at this time. Dkt. 21. The Report and Recommendation also recommends finding that even if the claim was not barred by *Heck*, Plaintiff's Sixth Amendment claim should be dismissed on the merits because there is no evidence in the record (or even allegations in the Complaint) that the Plaintiff suffered prejudice as a result of any invasion of his attorney client privilege. *Id.*

In his objections, the Plaintiff argues that his Sixth Amendment claim should not be dismissed with prejudice. Dkt. 22. He asserts that because the Report and Recommendation recommends that the claim is barred by *Heck*, the dismissal for failing to respond should be without prejudice. *Id.*

The Report and Recommendation's recommendation that the Sixth Amendment claim is barred by *Heck* should be adopted, but it should be dismissed without prejudice. "[W]here a defendant's claims are *Heck*-barred, the dismissal should be without prejudice so that the plaintiff may reassert his claims if he ever succeeds in invalidating his conviction." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015)(*internal quotation marks and citations omitted*). The Plaintiff's Sixth Amendment claims should be dismissed without prejudice. The Court need not reach the remaining basis for dismissal because the claim is barred by *Heck*. *See Valdez v. Rosenbaum*, 302 F.3d 1039 (9th Cir. 2002).

**Fourteenth Amendment Claim**. Prison regulations, "may under certain circumstances create liberty interests which are protected by the Due Process Clause." *See generally, Sandin v. Conner*, 515 U.S. 472, 484 (1995). "These interests will be generally limited to freedom from

restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*

The Report and Recommendation recommends dismissal of the Plaintiff's Fourteenth Amendment claim because the Plaintiff has failed to point to evidence that, if believed, demonstrates that the Defendants' recording and listening to his conversations from the jail (even with his lawyers) constituted "an atypical and significant hardship relative to the other incidents of prison life." Dkt. 21 (*citing Sandin v. Conner,* 515 U.S. 472, 484 (1995)). The Report and Recommendation noted that where the jail provides a mechanism for lawyers to opt out of the recording and monitoring system and where the jail provides a warning that phone conversations will be monitored and recorded, the monitoring and recording of attorney conversations here do not constitute an atypical and significant hardship for purposes of due process. *Id.*, at 12. (The record is unclear on whether the Plaintiff was a pretrial detainee or a prisoner during one or any of the phone conversations at issue. The parties and the Report and Recommendation all use the "an atypical and significant hardship relative to the other incidents of prison life" test from *Sandin*.) The Plaintiff objects to the Report and Recommendation's recommendation to dismiss this claim by arguing that there are issues of fact as to (a) whether the jail had a list of attorney phone numbers not to record and (b) whether a warning was given, and so asserts that summary judgment under the *Sandin* standard is not warranted. Dkt. 22. Plaintiff fails to explain his reasoning in any manner. *Id.*

It is not clear to the undersigned that the proper standard was used. It is unclear whether the Plaintiff is asserting a substantive or procedural due process claim. To the extent that he was a pretrial detainee, in the Ninth Circuit, "[p]retrial detainees have a substantive due process right

ORDER ON REPORT AND RECOMMENDATION - 4

against restrictions that amount to punishment." *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002). The Plaintiff does not assert that the monitoring and recording of the telephone conversations here amounted to "punishment," so he fails to assert or establish a substantive due process right violation under *Valdez*. Further, in the Ninth Circuit, in order to assert a procedural due process claim based on violation of a state law, pretrial detainees must show first, that the law at issue "sets forth substantive predicates to govern official decision making and, second, it must contain explicitly mandatory language, i.e., a specific directive to the decisionmaker that mandates a particular outcome if the substantive predicates have been met." *Valdez,* at 1044 (*internal quotation marks and citations omitted*). In response to the summary judgment motion, the Plaintiff pointed to a jail regulation prohibiting the monitoring or recording of calls at that time. The Defendants do not deny that at least some of the conversations with the Plaintiff's lawyers were monitored and recorded.

Of greater concern, though, is that the Plaintiff asserts that the violation of his Fourteenth Amendment rights resulted in his imprisonment:

> As a direct and proximate result of the acts of Defendants, Mr. Wing suffered violations of certain constitutionally protected rights, including violations under the First, Sixth and Fourteenth Amendments of the U.S. Constitution, and has therefore been subject to limited freedom, confinement, and other disabilities resulting from the criminal case—including payment of costs and fees associated with his criminal defense.

Dkt. 1, at 6-7. The Plaintiff's claimed damages illuminate the *Heck* concerns discussed above in relation to his Sixth Amendment claims. Other than the cost of filing this case, he claims no other damage. In order to assess whether he has been damaged in the manner he claims for violation of his Fourteenth Amendment rights, the court would necessarily have to determine whether the defendants improperly interfered with his right to counsel and whether he was wrongly convicted. Accordingly, his Fourteenth Amendment claim necessarily implicates the

ORDER ON REPORT AND RECOMMENDATION - 5

fact of his confinement under *Heck*. This concern persists regardless of the test used to assess the claim.

Moreover, the Plaintiff's should not be permitted to recast his Sixth Amendment Claim as a Fourteenth Amendment claim. The Plaintiff repeatedly asserts that calls to his lawyers should be treated differently than phone calls to other parties. The Plaintiff's Fourteenth Amendment claim should be analyzed under the more specific constitutional provision addressing the right to counsel. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). As a result, the Fourteenth Amendment claim should be dismissed as duplicative of the Sixth Amendment claim. Accordingly, the Report and Recommendation's recommendation that the Fourteenth Amendment claim be dismissed should be adopted; the claim should be dismissed because it is duplicative of the Sixth Amendment claim.

**Municipal Liability**. The Report and Recommendation recommends dismissal of all the federal claims against Lewis County because the Plaintiff has failed to show that his federal constitutional rights were violated. Dkt. 21. The Plaintiff's objection maintains that he has shown that his Fourteenth Amendment rights were violated so the Court should rule on municipal liability.

The Report and Recommendation's recommendation that the claims against Lewis County be dismissed should be adopted. As above, all Plaintiff's First Amendment claim asserted against the individual defendants should be dismissed; the same grounds apply for dismissal of the claim against Lewis County. Plaintiff's Sixth Amendment claim is barred by

*Heck* and should be dismissed without prejudice as to all parties. Plaintiff's Fourteenth Amendment claim, while also raising *Heck* concerns, is duplicative of the Sixth Amendment claim and so, should be dismissed against all parties on that same grounds.

**Qualified Immunity**. As recommended in the Report and Recommendation, there is no need to reach the individual Defendants' claim of qualified immunity. All Plaintiff's claims have been dismissed (some with and some without prejudice based on the *Heck* bar).

**Claim under Washington's Privacy Act**. The Report and Recommendation recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims because all the federal claims should be dismissed. Dkt. 21. The Plaintiff argues that the Fourteenth Amendment claim should not be dismissed, so the Court should not dismiss the state law claim. Dkt. 22.

The Report and Recommendation's recommendation that the Court should decline to exercise supplemental jurisdiction and the state law claim be dismissed without prejudice (Dkt. 21) should be adopted. The federal claims have been dismissed. The relevant considerations, of judicial economy, fairness, convenience, and comity, all weigh in favor of this Court declining supplemental jurisdiction over the state law claim. *See Carnegie-Mellon Univ. v. Cohill,* 484 343, 350 n. 7 (1988). The state law claim should be dismissed without prejudice.

## ORDER

It is **ORDERED** that:

The Report and Recommendation (Dkt. 21) **IS ADOPTED** as follows:

- The Plaintiff's First Amendment claim **IS DISMISSED**;
- The Plaintiff's Sixth Amendment claim **IS DISMISSED WITHOUT PREJUDICE** as barred by *Heck v. Humphrey,* 512 U.S. 477 (1991);

- The Plaintiff's Fourteenth Amendment claim **IS DISMISSED**; and
- The Court declines to exercise supplemental jurisdiction over the state law claim; the state law claim **IS DISMISSED WITHOUT PREJUDICE**
- This case **IS DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of November, 2018.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge